W. L. MILNER, et al, *Appellants,* v. L. M. HATTON, JR., Sheriff of Hillsborough County, Florida, et al, *Appellees.*

Division A.

Opinion filed July 22, 1930.

*E. L. Bryan* and *E. P. Martin,* attorneys for the Appellants;

*Sutton, Tillman & Reeves,* attorneys for the Appellees.

BROWN, J.—This case involves the constitutionality of a special act of the legislature of 1929, Chap. 14,111. A bill was brought to enjoin the law enforcement officers of Hillsborough County from enforcing the provisions of the act, by the impounding of cattle and livestock, etc., which act purported to create a no fence district in certain territory in Hillsborough County. The lower court held that the act was constitutional and therefore sustained a demurrer to the bill. The alleged affidavit of proof of publication, which appears on page 577 of the Senate Journal for May 25, 1929, reads as follows:

"State of Florida,
County of Hillsborough.

"Before the undersigned authority personally appeared R. E. Belcher, who on oath does solemnly swear (or affirm) that he has knowledge of the matters stated herein; that a notice stating the substance of contemplated law or proposed bill relating to An Act no fence law, has been published at least thirty days prior to this date, by being printed in the issue of March 30, April 6, 13, 20, A. D. 1929 of the Tampa Life, a newspaper or newspapers published in Hillsborough County or Counties, Florida (or), there being no newspaper, by being posted for at least thirty days prior to this date at three public places in Hillsborough County or Counties, one of which places was at the court house of said county or counties, where the matter or thing to be affected by the contemplated law is situated; that a copy of the notice that has been published as aforesaid and also this affidavit of proof of publication are attached to the proposed bill or contemplated law, and such copy of the notice so attached is by reference made a part of this affidavit.
(Signed) R. E. BELCHER,

Sworn to and subscribed before me this 20th day of April, 1929.

(SEAL)                          J. B. HARRIS,
                        Notary Public, State of Florida.
                My commission expires April 18, 1930.''

This is followed by an entry to the effect that ''the Senate thereupon determined that the evidence that said bill has been published in compliance with Section 21 of Article III of the constitution has been established in this legislature.''

Section 21 of Art. III of the constitution as amended in 1928, with the new provisions italicized, reads as follows:

''Sec. 21. In all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the State, but in all cases not enumerated or excepted in that section, the legislature may pass special or local laws except as now or hereafter otherwise provided in the Constitution; Provided, that no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least *thirty* days prior to the introduction into the legislature of such bill, and in the manner to be provided by law. The evidence that such notice has been published shall be established in the legislature before such bill shall be passed *by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the legislature, and which such affidavit constituting proof of publication shall be entered in*

*full upon the journals of the Senate and of the House of Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill. Provided, however, no publication of any local or special law is required hereunder when such local or special law contains a provision to the effect that the same shall not become operative or effective until the same has been ratified or approved by a majority of the qualified electors participating in an election called in the territory affected by said special or local law."*

In Stockton v. Powell, 29 Fla. 1, 10 So., 688, a decision rendered by this court in 1892, this court held, in effect that under this section of the Constitution as it then existed, the determination of the question of whether the required notice had been given had been left to the legislature, but it took occasion to emphasize the importance of the due observance of the duty thus imposed upon the legislative body. However, in the court of years it came about that this duty was more honored in the breach than in the observance, and it is common knowledge that numerous local and special bills were adopted of which no notice had been published. Public sentiment was at last aroused and there was a strong public demand for an amendment to the constitutional provision which would insure compliance with the requirement as to the publication of due notice. In 1924, the Florida State Bar Association took action on the matter. In his annual address, the then President of the Association, Hon. E. P. Axtell, dealt almost solely with this subject. He recommended among other things that in this respect the Constitution be amended. The Association appointed a committee to consider and report up on the President's recommendations. This committee on this point said:

"It likewise reports that the recommendation that the Association favor a constitutional amendment requiring that the proof of publication of notice of the introduction of special laws be entered on the journals of the legislature, should be adopted."

This report was adopted by the Association, apparently unanimously. See published minutes of the seventeenth annual convention of the Florida State Bar Association. And the legislature itself, be it said to its credit, in 1927, adopted a resolution to submit to the people an amendment to Section 21 of Article III, which was designed to remedy the evils which had grown up under the original section, and which was adopted by the people in 1928. This amendment above quoted is now before us for consideration as regards its effect upon the act here in question.

Early in the 1929 session of the legislature, a general act was adopted, and approved April 22, 1929, dealing with the subject. This act, Chapter 13791, is entitled: "An Act to amend Sections 78 and 79, Rev. Gen. Stats. of Florida 1920, being Sections 94 and 95 Comp. Gen. Laws of Florida 1927, relating to the publication of notice of intention to pass special or local laws and proof of publication of such notice."

By this act, Section 78 of Rev. Gen. Stats. of 1920 was amended so as to read as follows:

"The notice required to obtain special or local legislation shall be by publishing the same in some newspaper published in the county or counties where the matter or thing to be affected by such legislation shall be situated, one time at least thirty days before introduction of the proposed law into the legislature, or by posting the same at not less than three public

places in the county or each of the counties, one of which places shall be at the Court House in the county or counties, where the matter or thing to be affected by such legislation shall be situated. Said notice shall state the substance of the contemplated law, as required by Section 21 of Article III of the Constitution.''

The next session of the act sets forth a general form of affidavit of proof of publication of such notice of intention to apply therefor, which contains language applicable when such notice is published in a newspaper or newspapers published in the county or counties where the matter or thing to be affected by the contemplated law is situated, and, in the alternative, it contains language applicable to a county or counties where there is no newspaper and where the notice was published by posting the same at three public places in such county or counties, one of which was at the Court House of such county or counties. In either event, the form prescribed for the affidavit or proof of publication of such notice required that such affidavit should state that ''a notice stating the substance of a contemplated law or proposed bill relating to (here identify bill) has been published at least thirty days prior to this date,'' etc. Thus the statute does not require the affidavit to set out the substance of the contemplated law in the body of the affidavit; that is intended to be shown by the attached copy of the published notice; but the bill must be *identified* in the body of such affidavit.

The prescribed form of affidavit closes with these words:

''that a copy of the notice which has been published as aforesaid and also *this affidavit of proof of publication are attached to the proposed bill* or contem-

plated law, *and such copy of the notice so attached is by reference made a part of this affidavit.*" (Italics supplied.)

The statute then goes on to say:

"Such affidavit or proof of publication shall be attached to the contemplated law when it is introduced into the Legislature, and shall be entered in full upon the journals of the House and Senate, as the case may be, immediately following the entry in the journal showing the introduction of the bill. A true copy of the notice published or posted shall also be attached to the bill when introduced, but it shall not be necessary to enter the same in the journal, but same, together with affidavit of proof of publication shall accompany the bill throughout the Legislature and be preserved as a part thereof in the office of the Secretary of State."

It will be noted that while the statute requires that the affidavit of proof of publication of notice attached to the bill shall be entered upon the journal and that the form prescribed recites that the copy of notice attached is by reference made a part thereof, it does not require the copy of the notice attached thereto, or any statement of the substance of such notice, to be so entered. But the statute *does* require that such affidavit of proof of publication entered upon the journal shall allege that " a notice stating the substance of the contemplated law or proposed bill" has been published as required by the Constitution, and that such affidavit shall allege that such published notice relates to the particular bill, and that such bill must be *identified* in the affidavit so entered. The manner or form of language by which the bill shall thus be identified is not prescribed.

Without attempting to formulate any general rule as to what would in all cases constitute within the meaning of the statute a sufficient identification of the bill in the body of the affidavit, we can safely say that the language used in the affidavit of proof of publication here under review, namely, "relating to an act no fence law" is not sufficient. It is entirely too vague and general to identify any particular bill.

Furthermore, the affidavit as it appears on the Senate Journal, and as hereinabove quoted, is unintelligible. It first alleges that the notice stating the substance of the contemplated law had been published for at least thirty days by being printed in certain designated issues of a designated newspaper published in "Hillsborough County or counties, Florida," then immediately adds: "(or) there being no newspaper, by being posted for at least thirty days," etc. Thus the affidavit as entered on the journal is equivocal and unintelligible, and does not positively allege publication of the notice either by newspaper or by posting. It, therefore, fails to comply with the requirements of either the Constitution or the statute, one of the purposes of both of which was to throw certain safeguards around the passage of local and special legislation by which the people of the locality to be affected would be given fair notice of the intention to get such legislation adopted, and of the substance thereof, and that the legislative journals should affirmatively show that such fair notice had been given as to the particular bill. In order to make this amendment to the Constitution effective for the beneficent purposes for which it was evidently adopted by the people of this State, the constitutional requirements must be carefully complied with by the legislative body and fairly and thoroughly enforced by the courts.

The bill here involved, Senate Bill No. 641, which, when adopted, became Chapter 14111 of the Laws of 1929, as shown by the original on file in the Secretary of State's office, has attached to it an affidavit of proof of publication quite different from that required by the Constitution and statute, and also different from that which was spread upon the Senate journal, and reading as follows:

"AFFIDAVIT OF PUBLICATION
STATE OF FLORIDA,
COUNTY OF HILLSBOROUGH.

I, R. E. Belcher Editor of the *Tampa Life,* a Weekly Newspaper of general circulation, published in the City of Tampa, County of Hillsborough, State of Florida, do swear that the advertisement hereto attached in the cause of

An Act no fence Law

versus

was published for 4 successive weeks in the *Tampa Life,* to-wit, on March 23, 30, April 6, 13, A. D. 1929.

R. E. BELCHER.

Sworn to and subscribed before me,
this 13th day of April, A. D. 1929.
J. B. HARRIS
Notary Public.
Notary Public for the State of Florida at Large.
My Commission Expires April 18, 1930."

The "advertisement referred to in the affidavit as being attached thereto, was sufficiently attached by pasting the newspaper clipping showing the same on the same page on which the affidavit appears, just to the left thereof, and it is quite full and appears to have constituted fair notice of the contemplated law. But both the Constitution and said

general statutes (Chapter 13791) clearly show that the same affidavit of proof of publication of notice which is required to be attached to the bill when introduced is the affidavit which must be spread upon the journal of the house in which it is introduced, immediately following the journal entry showing the introduction of the bill. Of course, immaterial typographical variations would not be deemed fatal defects. This requirement of the Constitution was clearly not complied with in this instance. If we should accept the journal entry of the affidavit as the highest evidence, it is insufficient for the reasons above set forth. If we should accept the affidavit attached to the bill as the highest evidence, it is not in form or substance the same affidavit as was spread upon the journal; it shows different dates of publication; nor does it in its body sufficiently identify the bill to which it relates. And so, in either event, the Act would have to fall. This conclusion renders it unnecessary to consider other attacks made by appellants upon the constitutionality of certain provisions of the alleged Act.

The majority of the Court, with whom the writer concurs, hold that for the reasons above given, the alleged Act involved in this case was not passed in accordance with the Constitution or the general statute above referred to, and hence never became a law. The writer, however, for the reasons stated in his dissenting opinion in the case of Douglas v. Webber, decided at the present term, 128 So. R. 613, 621, considers that the Act is also unconstitutional because of the failure of the journal entry of the alleged proof of publication to set forth in full a copy of the notice alleged to have been published, so that the journal entry itself would show whether or not the notice as published stated "the substance of the contemplated law."

The order of the court below, sustaining the demurrer to the bill brought to enjoin the enforcement of the alleged Act, dissolving the temporary injunction, and dismissing the bill, must be reversed.

Reversed and remanded for further proceedings not inconsistent with this opinion.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.