BOARD OF PUBLIC INSTRUCTION FOR HOLMES COUNTY, *et al.*, v. A. C. BROWN, *et al.*

154 So. 850.
Opinion Filed May 9, 1934.

*James N. Daniel,* for Appellant School Board; *John H. Carter.* and *John H. Carter, Jr.,* and *Clyde R. Brown,* for Appellant Board of County Commissioners, on motion for severance and dismissal as to it granted.

*Cecil A. Rountree,* with whom was associated *John H. Carter* and *John H. Carter, Jr.,* and *Clyde R. Brown,* for Appellees.

TERRELL, J.—Appellees as complainants exhibited their bill of complaint in the Circuit Court for Holmes County, challenging the constitutional validity of Chapter 16119, Acts of 1933, the same being House Bill 865. A temporary injunction was granted restraining appellants as defendants, from complying with the terms of said Act. A motion to dismiss the bill was seasonably entered and the cause was heard on the motion to dismiss and a motion to dissolve the temporary restraining order. Both motions were denied and this appeal is from that decree.

Chapter 16119, in effect, provides that all monies turned over to the County Commissioners of Holmes County pursuant to Chapter 14832, relating to a State Racing Commission, shall be immediately paid over to the board of public instruction of said county and used by it for the purpose of paying outstanding indebtedness contracted prior to June 1, 1931. The board of county commissioners are made subject to removal if they fail to comply with the terms of the Act.

The chancellor below held Chapter 16119 ineffective because of defects in the "notice of intention to apply therefor," as required by Section 21 of Article 3 of the Constitution, and because of defects in the proof of publication of said notice as required by Chapter 13791, Acts of 1921.

It is first contended that the chancellor was without power or jurisdiction to consider alleged defects in the notice of intention to apply for passage of the Act in the proof of publication thereof. To support this contention, Stockton v. Powell, 29 Fla. 1, 10 So. 688, is relied on.

The notice of intention to apply therefor and proof of publication thereof, are required by Section 21 of Article 3 of the Constitution as a prerequisite to the passage of local legislation, the pertinent part of said section is as follows:

"In all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the State, but in all cases not enumerated or excepted in that section, the Legislature may pass special or local laws except as now or hereafter otherwise provided in the Constitution: Provided, That no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill, and in the manner to be provided by law. The evidence that such notice has been published shall be established in the Legislature before such bill shall be passed by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the Legislature, and which such affidavit constituting proof of publication shall be entered in full upon the journals of the Senate and of the House of Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill."

An inspection of Section 21 of Article 3 as quoted, discloses the following prerequisites to the validity of a local or special law: (1) "Notice of the intention to apply there-

for" must be published in the locality affected, for thirty days prior to its introduction in the Legislature, and such notice must state the substance of the contemplated law. (2) Evidence that said notice was published must be established in the Legislature before the bill is passed by having the affidavit of proof of publication attached to the bill when introduced in the Legislature, which affidavit of proof of publication shall be entered in full upon the Journal of the House and Senate, as the case may be, said entries to follow immediately the journal entry showing the introduction of the bill.

Pursuant to the foregoing provision of the Constitution, the Legislature enacted Chapter 13791, Acts of 1929, prescribing the form and manner of publication of the notice of intention to pass special legislation, the pertinent part of Section 1 of which is as follows.:

"The notice required to obtain special or local legislation shall be by publishing the same in some newspaper, published in the county or counties where the matter or thing to be affected by such legislation shall be situated, one time at least thirty days before introduction of the proposed law into the Legislature, or by posting the same at not less than three public places in the county or each of the counties, one of which places shall be at the Court House in the County or Counties where the matter or thing to be affected by such legislation shall be situated. Said notice shall state the substance of the contemplated law, as required by Section 21 of Article 3 of the Constitution.

"Affidavit of proof of publication of such notice of intention to apply therefor, may be made in substantially the following general form, but such form shall not be exclusive:

"State of Florida,

"County of _____.

"Before the undersigned authority personally appeared _____, who on oath does solemnly swear (or affirm) that he has knowledge of the matters stated herein; that a notice stating the substance of a contemplated law or proposed bill relating to (here identify bill) has been published at least thirty days prior to this date, by being printed in the issues of (here state day, month, and year of issue or issues) of the _____, a newspaper published in _____, County or Counties, Florida, or there being no newspaper, by being posted for at least thirty days prior to this date at three public places in the _____ County or counties, one of which places was at the Court House of said County or Counties, where the matter or thing to be affected by the contemplated law is situated; that a copy of the notice that has been published as aforesaid and also this affidavit or proof of publication are attached to the proposed bill or contemplated law, and such copy of the notice so attached is by reference made a part of this affidavit.

"Sworn to and subscribed before me this _____, 19_____. (Seal).

"_____, Notary Public, State of Florida.

"My commission expires _____.

"Such affidavit of proof of publication shall be attached to the contemplated law when it is introduced into the Legislature, and shall be entered in full upon the Journals of the House and Senate, as the case may be, immediately following the entry in the Journal showing the introduction of the bill. A true copy of the notice shall also be attached to the bill when introduced but it shall not be necessary to enter the same in the Journal, but same together with affidavit of proof of publication shall accompany the bill

throughout the Legislature and be preserved as a part thereof in the office of the Secretary of State."

Section 1 of Chapter 13791 as thus quoted, prescribing the manner of publication of "Notice of Special Legislation" repeats the constitutional requirements as to said notice and provides that it be published one time at least thirty days before introduction in the Legislature, or it may be published by posting it at not less than three public places in the county or in each county affected, one of which places shall be at the court house door in the county or counties, where the matter or thing to be affected by such legislation shall be situated. A form for the "proof of publication of notice" is prescribed and it is required that the "affidavit of proof of publication" shall be attached to the contemplated law, when introduced into the Legislature and shall be entered in full upon the Journals of the House and Senate following the entry in the journal showing the introduction of the bill in the Legislature. It is required that the "notice of special or local legislation" as published or posted, be attached to the bill when introduced, but it shall not be necessary to enter it in the Journal. The notice with "affidavit of proof of publication" shall accompany the bill through the Legislature and be preserved as a part thereof in the office of the Secretary of State.

Now let us see how the "notice of local legislation" and the "proof of publication of the notice" in question, meet the constitutional and statutory prerequisites imposed on them. The notice was as follows:

"Notice

"I shall introduce a local bill dealing with expenditures of State funds allocated to Holmes County, Florida, and providing how and for what purpose such monies shall be

expended. Also limiting millage levies for county purposes."

The "affidavit of proof of publication" of the notice is as follows:

"Affidavit of Proof of Publication

"Before me the undersigned authority personally appeared M. M. Andrews, who on oath does solemnly swear (or affirm) that he has knowledge of the matters stated herein; that a notice stating the substance of a contemplated law or proposed bill relating to an Act apportioning the monies received from the State Treasurer by the County Commissioners of Holmes County, which said monies have been received or may be hereafter received from the State Treasurer under and by virtue of the Laws of the State of Florida, to-wit: Senate Bill 361, providing for a State Racing Commission, etc., has been published at least thirty days prior to this date, there being no newspaper, by being posted for at least thirty days to this date at three public places in Holmes County, one of which places was at the Court House of said County or Counties where the matter or thing to be affected by the contemplated law is situated; that a copy of the notice that has been published as aforesaid and also this affidavit of proof of publication are attached to the proposed bill or contemplated law, and such copy of the notice so attached is by reference made a part of this affidavit."

The gist of the local legislation contemplated by the "Notice" and "affidavit of proof of publication" as thus quoted is embodied in Sections 1 and 2 of Chapter 16119, Acts of 1933, which are as follows:

"Section 1. That all monies received from the State Treasurer by the County Commissioners of Holmes County, Florida, which said monies have been received from the

State Treasurer under and by virtue of the laws of the State of Florida, to-wit: Senate Bill 361 providing for a State Racing Commission, etc., which said bill is an Act of the Legislature of 1931, shall be by said County Commissioners immediately paid over to the County School Board of Holmes County, Florida.

,"Section 2. That all monies received by the County School Board as provided for in Section 1 hereof, shall be used only for the purpose of paying outstanding indebtedness of said School Board, which said indebtedness was contracted prior to June 1, 1931."

The "Notice" merely suggests a purpose to introduce a local bill dealing with State funds allocated to Holmes County, and then introduces another subject, to-wit: "limiting millage levies for County purposes," that makes it bad for duplicity, if it ever had any merit otherwise for the purpose intended. It does not pretend to give the substance of the proposed Act as the Constitution requires, nor does it carry the semblance of a suggestion that the monies allocated to Holmes County from funds received by the State Racing Commission shall be paid over to the board of public instruction and by them used to pay outstanding indebtedness contracted for prior to June 1st, 1931.

The "affidavit of proof of publication" does not attempt to identify the proposed law as required by Chapter 13791, Acts of 1929, nor does it declare that the "Notice" as published, stated the substance of the proposed law. There is positively nothing in the "affidavit of proof of publication" or in the "notice" that could be interpreted as an identification of the proposed law or the substance of it. Both the "notice" and "affidavit of proof of publication" are ambiguous and are infected with other fatal defects. In either

instance it would have been difficult to have missed the mark further.

But appellant contends that the judiciary is without power or jurisdiction to enquire into such alleged defects in the "Notice" or in the "Affidavit of proof of publication" of such notice and relies on Stockton v. Powel, supra, to support its contention.

It is true that Stockton v. Powel supports appellant's contention but that case was decided long prior to the 1928 amendment to Section 21 of Article III of the Constitution requiring evidence of the proposed local legislation to be established in the Legislature by attaching the "affidavit of proof of publication to the proposed bill when introduced and entering it in full upon the Journals of the Senate and House immediately following the Journal entry showing the introduction of the bill."

The very purpose and effect of the 1928 amendment was to revoke and supersede the doctrine enunciated in Stockton v. Powel, and to enforce compliance on the part of the Legislature with what the makers of the Constitution always conceived to be its plain mandate in the matter of giving notice to the people affected, of the intention to pass local laws. In other words, to put an end to what is known in common parlance as the local-bill evil.

The judicial branch of the government has no power to review and approve or disapprove legislative Acts and decisions made by the law final and inherent in that department, but when the Constitution by express mandate makes the validity of an enactment depend on recorded facts and requires those facts to appear in full upon the Journal of the Legislature, then a court of competent jurisdiction is authorized to examine the journal and determine whether

or not the mandate of the Constitution has been complied with. Douglas v. Webber, 99 Fla. 755, 128 So. 613.

By making the validity of local legislation depend on giving "notice of intention" to enact such legislation and requiring that "affidavit of proof of publication" of said notice be established in the Legislature by entering it in the journals of the House and Senate immediately following the journal entry showing the introduction of the bill, the validity of its passage becomes a judicial question to be determined by the courts when properly presented.

Sections 12, 17, and 28 of Article III, and Section 11 of Article XVI of the Constitution embody specific requirements laid on the Legislature relative to the keeping of its journal and making entries therein. These requirements are in harmony with those designated in the 1928 amendment to Section 21 of Article III under review in this case, and as to them, we have repeatedly held that the courts may examine the journals or other authorized and controlling records to determine whether affirmative requirements of the Constitution were duly complied with. Douglas v. Webber, *supra;* Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963, State v. Carley, 89 Fla. 361, 104 So. 577; State, v. Dillon, 42 Fla. 95, 28 So. 781; Amos v. Mosley, 74 Fla. 555, 77 So. 619; Amos v. Gunn, 84 Fla. 285, 94 So. 615.

This question being determined, others vanish or become immaterial. It follows that the judgment of the learned chancellor below must be and is hereby affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.