RALPH E. HARRISON v. S. L. WILSON, as Sheriff of Taylor County.

163 So. 233.

En Banc.

Opinion Filed September 12, 1935.

*Ralph E. Harrison, in pro per,* for Petitioner;

*W. T. Hendry,* for Respondent Sheriff;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—This is an original proceeding in the Supreme Court the primary object of which is to have the validity of Chapter 17684 (House Bill 227) Special Acts of 1935, Laws of Florida, adujudicated with reference to the provisions of Section 21 of Article III of the Constitution of Florida, as amended in 1928, relating to the method of enactment of special or local legislation.

Chapter 17684, aforesaid, is in form and substance a special and local law on the subject of hunting deer and game, and is applicable to Taylor County alone. It was

passed by the 1935 session of the Florida Legislature in purported compliance with the constitutional limitations on the lawmaking body's authority to enact special and local laws on the subject of hunting and game, as set forth in Sections 20 and 21 of the third article of the State Constitution.

So the proposition to be decided is whether or not in the light of the record now before us in these habeas corpus proceedings which embraces all pertinent matters concerning the introduction into the Legislature, passage and approval by the Governor, of the legislative Act in controversy, Chapter 17684, *supra,* has ever become a law of this State, by being passed in substantial compliance with the constitutional prerequisite of due notice of intention to pass the proposed bill as a special and local law for Taylor County, Florida, the locality affected thereby. If the local bill did not become a law, then the general hunting and game laws of Florida apply, and the petitioner is not entitled to his release from arrest for violating them in the particulars charged.

Section 21 of Article III of the Constitution of Florida, as amended in 1928, mandatorily provides that "no local or special bill shall be passed unless notice of intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated * * * in the manner to be provided by law." That section further provides that "evidence" that such notice has been published shall be established "by having affidavit of proof of publication" attached to the proposed bill when the same is introduced "which such affidavit constituting proof of publication shall be entered in full upon the Journals" which entries shall immediately follow the Journal entry showing the introduction of the bill. The exception to this require-

ment in the case of local bills carrying referendum elections as conditions to their effectiveness, is not applicable to this case, since no such election is provided for in the instant Act.

The Journal of the House of Representatives of April 9, 1935 (H. J. 1935, session, pages 8 and 9) discloses the following as the recorded Journal entry pertaining to the original introduction of Chapter 17684 into the Legislature as proposed House Bill No. 227:

"By Mr. Whiddon, of Taylor—

"House Bill No. 227:

"A Bill to be Entitled An Act establishing the open seasons for hunting deer and all other game in Taylor County, Florida, and providing a penalty for the violation thereof.

"Which bill was read the first time by its title, and had attached to same when introduced in the House of Representatives the following proof of publication which was ordered to be entered in full upon the Journal of the House of Representatives:

"AFFIDAVIT OF PROOF OF PUBLICATION.

"STATE OF FLORIDA,

"COUNTY OF TAYLOR.

"Before the undersigned authority personally appeared R. L. Thompson, who on oath does solemnly swear (or affirm) that he has knowledge of the matter stated herein, that a notice stating the substance of a contemplated law or proposed bill relating to hunting seasons has been published at least thirty days prior to this date, by being printed in the issue of March 7, 1935, of the Taylor County News, a newspaper published in Taylor County, Florida; that a copy of the notice that has been published as aforesaid and also this affidavit of proof of publication are attached to the proposed bill or contemplated law, *and that such copy*

*of 'the notice so attached by reference made a part of this affidavit.*

"R. L. Thompson.

"Sworn'to and subscribed before me this 5th day of April, 1935.

"James R. Jackson,
*"Clerk Circuit Court.*
(Seal)      "By F. S. Jackson,
*"Deputy Clerk.*
*"Notary Public, State of Florida.*

"My commission expires June 1, 1935."

"And the House of Representatives thereupon determined that the evidence that said bill has been published in compliance with Section 21 of Article III of the Constitution has been established in this Legislature.

"And House Bill No. 227, was read the first time by its title and referred to the Committee on Fish and Game."

Sections 94 and 95 C. G. L., 78 and 79 R. G. S., as amended by Chapter 13791, Acts 1929, Laws of Florida, which sections were changed at the 1929 session of the Legislature to effectuate the purpose and intent of amended Section 21 of Article III of the Constitution to require the enactment of special or local laws only pursuant to due notice given and evidenced "in the manner to be provided by law" provide a *form* of affidavit of proof of publication of notice of intention to apply for the passage of local or special legislation which is substantially, if not identically, the *form* of affidavit of proof of publication used in this case. This is so with the exception that no true copy of the *notice published* appears either from the record of the affidavit of proof of publication as it appears on the legislative Journal, nor as a part of the proposed bill itself by being attached thereto in such manner as to accompany the bill throughout

the Legislature and be preserved as a part thereof in the office of the Secretary of State.

Section 95 C. G. L., 70 R. G. S., *supra,* as amended by Chapter 13791, Acts 1929, provides that a true copy of the "notice published or posted" shall be attached to the bill when introduced. That section also contemplated and requires that such true copy of the "notice published or posted" shall not only be attached to the original bill when it is introduced into the Legislature, but that it shall be done and accomplished in such form that the "notice" together with the affidavit of proof of publication, will accompany the bill throughout the Legislature, and be preserved as a part of the bill itself when it is ultimately filed in the office of the Secretary of State as a duly enacted State statute. It is only when a true copy of the "notice published or posted" has been attached to the bill itself when introduced, so as to accompany such bill through the Legislature and into the Secretary of State's office, that "it shall not be necessary to enter the same (notice) in the Journal." See last paragraph of Section 95 C. G. L., 79 R. G. S., as amended.

In this case, aided by the certificate of the Secretary of State certifying to the same, we take judicial notice of the fact that proof of publication of the notice published with reference to House Bill No. 227, being Chapter 17684, Acts 1935, does not appear attached to the bill itself as filed in the office of the Secretary of State. Nor does said "notice published," which is referred to and made in terms a part of the affidavit of proof of publication as recorded in the legislative Journal, appear on file in the office of the Secretary of State in connection with said bill as filed there after it was approved by the Governor.

Under the terms of Section 21 of Article III of the Constitution, and the provisions of Chapter 13791, Acts of 1929,

which was enacted by the Legislature to effectuate the terms of the Constitution by setting up a statutory form for giving and evidencing the required constitutional notice, "a true copy of the notice published or posted" as referred to in an affidavit of proof of publication of notice to apply for the passage of special or local legislation and made a part thereof by reference, must be attached to the proposed local or special law when introduced, and must accompany said bill and be filed with it in the Secretary of State's office when it is filed or approved there to become a duly enacted statute, else the enactment of the statute is incomplete and the proposed bill will fail of ever becoming a law in the manner contemplated by the Constitution.

The purpose of the amendment to Section 21 of Article III of the Constitution was to repeal the rule theretofore announced by this Court in the case of Stockton v. Powell, 29 Fla. 1, 10 Sou. Rep. 688, 15 L. R. A. 42, and to open up to judicial inquiry the question whether or not evidence was established in the Legislature showing the publication of notice of intention to apply for the passage of special or local laws, and to provide for the preservation of such evidence as a part of the original bill or by record on the Journal, in the particulars specified in the Constitution and statutes relating thereto.

In the case now before us, the affidavit of proof of publication as recorded in the Journal of the House of Representatives is incomplete and insufficient to show compliance with amended Section 21 of Article III of the Constitution, because that affidavit refers to and makes the alleged "notice published" a part of its substance, although such "notice published" so referred to does not appear in the Secretary of State's office as a part of the enacted bill, nor has it been recorded on the legislative Journals as a part of the

affidavit of publication. In short, the "notice published," although referred to in both the affidavit of proof of publication and by the Journal entries of the House of Representatives, nowhere appears either on the Journals of the Legislature, nor attached to and made a part of the bill, and is altogether absent from the legislative record.

When there has been brought in controversy the validity of the legislative passage of a special or local law in the manner required by Section 21 of Article III of the Constitution, as amended, the courts are not only permitted, but are required, to look to a compliance with the Constitution and statutes relating to the character of evidence that must be preserved by the Legislature in support of the validity of its action. This they will do in order to determine whether or not the local or special bill ever became a duly enacted law, and unless compliance with the constitutional requirements of Section 21 of Article III, as amended, affirmatively appears from such examination, the special or local law so brought in controversy will be judicially disregarded and held for naught.

The authority of the Legislature to enact special or local laws has been expressly limited by Sections 20 and 21 of Article III of the Constitution to those special cases wherein special or local laws are provided for and authorized to be enacted. Only when the power to so legislate by special or local laws is duly exercised in the limited manner and according to the mode and form set forth in Section 21 of Article III as to notice of publication of intention to apply for local or special legislation and the manner of establishing legislative evidence of the same will such special or local laws be recognized as duly enacted statutes.

The Constitution requires that the contemplated notice sufficient to meet the terms of the organic law shall be es-

tablished by evidence "in the Legislature," not in the courts. It is is therefore incumbent upon the Legislature, when enacting special or local legislation, to see to it that the bills it handles and the Journals' records of its transactions are sufficient in form and substance to show compliance with the constitutional mandates, else its attempted special or local legislation will fail when challenged in the courts. In determining whether or not the Constitution has been followed with regard to the giving of notice of intention to apply for the passage of special or local laws, the legislative records, which comprehend the bill itself as found on file in the Secretary of State's office, can alone be looked to, and from an inspection of such bill and record only, will the courts declare the sufficiency of the legislative process.

From what we have said, it appears that Chapter 17684, Special Acts of 1935, Laws of Florida, was never constitutionally passed. Therefore, said Act is wholly ineffective and must be disregarded as justification for petitioner's discharge, and the petitioner remanded to the custody of the respondent sheriff.

Petitioner remanded for further proceedings according to law.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J. (concurring specially).—I do not think the affidavit in this case sufficiently identifies, neither does it correctly identify the bill to which it is supposed to relate. Otherwise, I concur in the conclusion reached by Mr. Justice DAVIS, but to some extent for different reasons. The reasons upon which I base my conclusions are stated in part in my dissenting opinion in Douglas v. Willet, 99 Fla. 755, 128 So. 613, and also in part in the opinion of the Court in Milner v. Hatton, 100 Fla. 210, 129 So. 593.