21 So.2d 238

### In re OPINION OF THE JUSTICES.

### No. 67.

Supreme Court of Alabama.

March 12, 1945.

520

Honorable Chauncey Sparks,
Governor of Alabama,
State Capitol,
Montgomery, Alabama.
Dear Sir:

We acknowledge receipt of your communication of March 8th, in which you request our opinion on constitutional questions relating to Act No. 356, H. 797, approved June 30, 1943, Local Acts, 1943, page 199. In reply we wish to advise that in our opinion, on the authority of State, on Inf. of Murphy v. Brooks et al., 241 Ala. 55, 1 So.2d 370, cited with approval by this court in State, on Inf. of Murphy v. Johnson, 243 Ala. 114, 8 So.2d 890, the act inquired about is unconstitutional because it is in violation of section 106 of the Constitution. That part of section 106, Constitution of 1901, which is pertinent to your inquiry reads as follows: "No * * * local law shall be passed * * * unless notice of the intention to apply therefor shall have been published, without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law * * *."

█ The notice published in connection with the act to which you refer merely states that the proposed statute will establish a Board of Revenue to be composed of five members, designates the manner of appointing the first Board and provides for the election of such members at the expiration of the term of office of the first Board. The act itself provides that such members shall be elected from the county at large. Since 1879 (Acts of Alabama, 1878–1879, page 208), the members of the Commissioners Court of Jackson County have been elected from four districts of the county, one commissioner for each district. We consider that the failure of the published notice to give the express information that the members of the Board of Revenue were to be elected from the county at large was an omission of a matter of substance. There was a material change in the manner in which Jackson County would elect its governing body.

█ It is further noted that the proposed act fixes the compensation of the members of the Board of Revenue. The act itself provides a salary of $200 per month for the chairman of the Board and $7.50 per day, not in excess of $75 per month, for the associate members thereof. Under Local Acts of Alabama, 1936–1937, page 72, each member of the Court of County Commissioners receives a salary of $85 per month, with the exception of the Judge of Probate, who serves as ex officio chairman without pay. We consider that this change which may result in increase in salaries is a matter of substance and that information thereof should have been given in the published notice. The published notice in this respect gives no indication of the substance of the act. We quote from the opinion of this court in State, on Inf. of Murphy v. Brooks et al., supra, as follows: "No indication is given by the notice that the salaries of the respective members of the board are to be doubled, with compensation in part out of the road and bridge fund and the gasoline fund as well as the general fund, and their method of election changed as well as to some change in the method of filling vacancies; * * *."

See Opinion of the Attorney General, Quarterly Reports Attorney General, Vol. 32, p. 84.

█ There appear to be other provisions of the act which were omitted from the notice, including designation of the fund from which salaries were to be paid, the granting of authority to the Board to compromise the outstanding debts of Jackson County, register warrants and pledge the credit of the county to raise money to discharge the same.

In view of what we have said, we assume that it is not necessary to answer

other questions contained in your inquiry of the 8th inst.

Respectfully submitted,

LUCIEN D. GARDNER,
Chief Justice.

WILLIAM H. THOMAS,
JOEL B. BROWN,
ARTHUR B. FOSTER,
J. ED. LIVINGSTON,
DAVIS F. STAKELY,
ROBERT T. SIMPSON,
Associate Justices.