**R. J. HATFIELD, et al., v. JOHN PRINCE, et al.**

23 So. (2nd) 481                                        June Term, 1945
October 5, 1945                                              Division A

*Jerrold F. Jacob,* for appellants.
*Henry F. Lilienthal,* for appellees.

CHAPMAN, C. J.:

The Town of Greenacres City, situated in Palm Beach County, was abolished by Chapter 23,301, Special Acts of 1945, Laws of Florida. Residents of the town of Greenacres City instituted in the Circuit Court of Palm Beach County, Florida, a class suit in Chancery for the purpose of obtaining a decree declaring void, unconstitutional and of no effect the Special Act *supra.*

The constitutionality of the Act is challenged, first, on the ground of recitation of erroneous facts appearing in the preamble of the Act viz: (1) a majority of the citizen voters

and taxpayers of the town of Greenacres City wanted the town abolished; (2) the town was free from debt or other obligations as a municipality; (3) the property of the city had been heavily taxed without benefits to the property owners; (4) the town did not own or possess municipal utilities or supply municipal benefits to its residents; (5) a majority of the property owners did not want the municipality abolished; (6) the best interest and general welfare of the residents require the abolition of the municipality.

The case of McSween v. Live Stock Sanitary Board of Florida, 97 Fla. 750, 122 So. 239, 65 A.L.R. 508, is cited to sustain the contention that a recital of erroneous facts in a legislative Act renders the Act, as a matter of law, arbitrary, unwarranted and such an abuse of legislative power against which the courts will grant relief. This case construed Chapter 9201, Acts of 1923, Laws of Florida, which created the Live Stock Sanitary Board and divided the State of Florida into quarantine areas or zones and prescribed the work necessary for the eradication of cattle fever tick. That disease was communicable and dangerous to cattle. Section 8 of the Act made declarations of fact and recited that cattle situated in designated areas of Florida were infected with fever ticks, which declaration of facts was not within the knowledge of the Legislature. We held that the courts were without power to determine the merits of conflicting theories of facts upon which the Legislature assumed to enact measures and it must be presumed that the Legislature determined these disputed facts in promoting the general welfare, and cited Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

The case at bar may easily be distinguished from the McSween case. The several recitations of facts, appearing between the title and the body of the Act could be expunged and yet sustain the Act. Courts usually give great weight to both the statement of facts and declarations of policy which may indicate that the Legislature considered the proposed legislation, was cognizant of the issue and concluded that the statute was not arbitrary, unwarranted or an abuse of legislature power. See Sutherland on Statutory Construction, Vol. 2 (3rd Ed.) 352-3, par. 4808. Findings of fact and declarations of

policy appearing in a legislative Act are not under all conditions binding upon the courts. See par. 4807, *supra*.

On March 9, 1945, notice was published in the Palm Beach Sun to the effect that an Act would be introduced in the 1945 Session of the Florida Legislature to abolish the municipality of Greenacres City. A copy of the notice and affidavit of publication made by the publisher of the paper were attached to the proposed Act, all of which were filed in the office of the Secretary of State on April 25, 1945. Various reasons are urged for the insufficiency of the notice as required by amended Section 21 of Article 3 of the Constitution. These several objections have been considered and the notice as given appears to be a substantial compliance with the constitutional requirements. See State ex rel. Watson v. Crooks, 153 Fla. 694, 15 So. (2nd) 675.

Section 8 of Article 8 of the Florida Constitution grants to the Legislature the power to establish and to abolish municipal corporations and to provide for their government, to prescribe their jurisdiction and power and to alter or amend the same. The power of the Legislature over municipalities under this Section of the Constitution is so well established and recognized that the citation of authorities is unnecessary.

The order of dismissal of the bill of complaint is affirmed.

TERRELL, BUFORD, and ADAMS, JJ., concur.