ROSE O. CHAVOUS v. ERMA GOODBRED, as Clerk-Collector in and for the Town of Cross City, in Dixie County, Florida, a Municipal Corporation.

30 So. (2nd) 370                                        January Term, 1947
April 29, 1947                                                    En Banc

*W. P. Chavous,* for appellant.

*J. L. Blackwell,* for appellee.

ADAMS, J.:

Upon this appeal we review a decree on final hearing dismissing a bill in equity. Previously we held the bill good. Chavous v. Goodbread, 156 Fla. 599, 23 So. 2d 761. Thereafter an answer was filed and testimony taken and upon final hearing the bill was dismissed.

The first question is whether the required notice of local legislation under Article III, Section 21, Florida Constitution and Section 11.02 Fla. Stat., 1941; F.S.A., must be published in a newspaper and not by posting where there is a newspaper published in the county.

The statute is in the disjunctive hence the notice may be given by either method; consequently the notice in this case was duly given. We will pass upon the sufficiency of the substance under another question. Section 11.03, Fla. Stat., 1941. F.S.A., imports no binding effect because it is suggestive only in so far as the form of the proof of publication is set forth.

Next we consider the sufficiency of the notice from the standpoint of substance. A brief history of our law on this question may be helpful. The original Section 21 of Article

III of the Constitution of 1885 required that notice necessary for local or special regislation should " . . . state the substance of the contemplating law . . . " This provision, in substance, was retained when the section was amended in 1928. In 1938 this section was again amended to require the notice to be published as required by law. Thereupon Section 11.02, Fla. Stat., 1941, F.S.A., was enacted pursuant to the Constitution requiring the substance of the proposed act to be stated.

We have ample authority from this court in cases decided subsequent to effective date of the present amendment and statute to rest the decision of this case. State v. Crooks, 153 Fla. 694, 15 So. 2nd 675 and Hatfield v. Prince, 146 Fla. 411, 23 So. 2nd 481. Upon authority of these cases the decree is affirmed.

THOMAS, C. J., TERRELL, CHAPMAN and BARNS, JJ., concur.

BUFORD, J., dissents.

BUFORD, J., dissenting:

This is the second appearance of this case here. See Chavous v. Goodbred, 156 Fla. 599, 23 So. (2) 761. At the time that opinion was rendered we had before us the question of whether or not the attack upon the validity of the Act, being Chapter 22241 Special Acts of 1943, could be made as it was in this case by bill in chancery. We held that it could.

On the going down of the mandate the appellee filed answer to the amended bill of complaint and the appellant filed motion to strike the answer. Thereupon a stipulation was filed. The stipulation was as follows:

"That Chapter 22241, Senate Bill No. 483, Acts of 1943, was not proposed by a Charter Board.

"That Chapter 22241, Senate Bill No. 483, Acts of 1943, was passed as a local bill, but no notice of intention to apply therefor was published in a newspaper, although at the time required for such notice to be published there was a duly qualified newspaper being published in Dixie County, Florida, of general circulation, viz: The Dixie County Advocate, which had been entered as second class mail matter at the Post Office in Cross City, Florida, for more than 15 years.

"That a notice was posted of the intention to apply for the passage of said Chapter 22241, Senate Bill No. 483, Acts of 1943, as shown by a copy of the notice attached to defendant's answer, and marked exhibit 'a', and that an affidavit as to the posting of the said notice was also made as shown by a copy thereof attached to defendant's answer and also marked exhibit 'A.'

"That Exhibit 'a' attached to the defendant's answer, shows a complete record of the introduction and passing of said Chapter 22241, Senate Bill No. 483, Acts of 1943."

On final hearing the Chancellor entered his order holding the notice and proof of publication of notice to be sufficient and dismissed the bill at the cost of the plaintiff.

The record shows that the notice which was published by posting the same at 6 places within the town of Cross City, one of which was at the court house, was as follows:

"Notice is hereby given that there will be introduced a bill during the 1943 session of the Florida Legislature to abolish the present Municipal Government of the Town of Cross City, Florida, and to provide for the establishment of a Municipal Government for the Town of Cross City, Florida, providing for officers of said Town, their duties and powers, the territory embraced within said Municipality, and by setting out therein all the powers and duties usually applicable to Incorporated Cities and towns.

"This Notice to be published for at least thirty days before said Bill is to be introduced, by posting this Notice in at least six public places within the said town.

"This Notice is hereby posted in a public place in said Town on this the 20th day of March, A. D. 1943.

"Signed<br>J. S. Bodifoed."

It is not necessary for us to discuss any question presented except the sufficiency of the notice.

Section 21 of Article III of the Constitution provides that no local or special bill shall be passed, nor shall any local or special law establishing or abolishing municipalities or providing for their government, jurisdiction and powers . . . unless

notice of intention to apply therefor shall have been published in the manner provided by law where the matter or thing to be affected may be situated, and Section 11.02 Fla. Statutes 1941 (same F.S.A.) is as follows:

"Notice of special or local legislation. The notice required to obtain special or local legislation shall be by publishing the same in some newspaper published in the county or counties where the matter or thing to be affected by such legislation shall be situated, one time at least thirty days before introduction of the proposed law into the legislature, or by posting the same at not less than three public places in the county or each of the counties, one of which places shall be at the court house in the county or counties where the matter or thing to be affected by such legislation shall be situated. Said notice shall state the substance of the contemplated law, as required by No. 21 of Article III of the Constitution."

We hold that the notice published here was not sufficient to advise the public of the substance of the contemplated law.

The facts in this case are not greatly unlike those involved in the case of In Re: Opinion of Justices by the Alabama Supreme Court, 246 Ala. 518, 21 So. (2) 238. In Alabama that part of the Constitution providing for the publication of local laws is as follows:

"No . . . local law shall be passed . . . unless notice of the intention to apply therefor shall have been published without cost to the state, in the county or counties where the matter or thing to be affected may be situated, which notice shall state the substance of the proposed law . . . "

And the Court held:

"Where act creating board of revenue for Jackson County fixed compensation of members of board in such manner that increase in salary might result, failure of published notice of intention to apply for the introduction of the bill to give information regarding the change, which involved a matter of substance, rendered the notice defective and the act unconstitutional."

In State ex rel. Landis et al. v. Reardon, et al., 114 Fla. 755, 154 So. 668, we said:

"A purpose of the quoted organic provision is to require notice of the substance of a proposed local or special law to be duly published in the locality to be affected thereby, so that interested parties be not misled by an inadequate notice, but may be duly notified of the nature and substance of the local or special bill to be introduced in the Legislature; but there is no organic purpose to curtail the lawmaking power and responsibility of Legislature to determine the contents of its enactments further than is reasonably necessary to secure to those who are directly interested therein, due notice of the substance of a proposed local or special law, so that its enactment or the essential substance of the contents thereof may be contested if that is desired.

"The inhabitants of the local communities and those directly interested in the premises have a constitutional right to have duly published in the locality to be affected, the substance of a proposed local or special law, so that they may be duly notified of its general nature and purpose."

And again in that opinion we said:

"To be a compliance with the above quoted organic provision, the published notice should state the substance of the main provisions of the bill sufficiently to show the dominant nature and purpose of the proposed law, and the published notice should not be misleading as to the principal provisions of the proposed law."

"If the substance of the bill introduced substantially accords with the notice duly published, amendments to the bill may be adopted by the Legislature, in the exercise of its lawmaking power, without violating the quoted organic provisions, provided such amendments are germane to the main provisions of the bill, and [do] not materially change the substance and purpose of the bill as to which notice was duly published."

In State ex rel. Watson, etc., v. City of Miami, 153 Fla. 653, 15 So. (2) 481, we said:

"So long as such laws as are finally enacted accord in substance and purpose and are germane to and within the scope of the subject-matter of the published notice, the organic provision, in this particular, has been complied with."

For the notice to be sufficient, it must comply with the provisions of Sec. 21 of Article III of the Constitution and with Sec. 11.02 Florida Statutes 1941 (same F.S.A.) and to so comply the notice must state the *substance* of the contemplated law. See Board of Public Instruction v. Brown, 114 Fla. 711, 154 So. 850; Douglas v. Webber, 99 Fla. 755, 128 So. 613. The notice here does not meet the requirement. There is a material difference between what is required in the title of a legislative act and what is required in a notice of intention to apply for the passage of a special or local act. Sec. 16 of Article III of the Constitution required the *subject* only of the act to be briefly stated in the title, while Sec. 11.02 requires the *substance* of the proposed act to be stated in the notice thereby required. The subject of an act and the substance of an act are two different things.

In the instant case the notice was entirely inadequate to advise anyone of the substantial provisions to be enacted in the proposed bill.

We next come to the consideration of the question as to whether or not the publication of the notice and the proof thereof was sufficient. That is, whether or not the requirements of Section 21 of Article III of the Constitution as implemented by law (Sections 11.02 and 11.03 Fla. Statutes 1941 (same F.S.A.) were complied with. Section 11.02 requires that the notice "shall be by publishing the same in some newspaper published in the county or counties where the matter or thing to be affected by such legislation shall be situated, one time at least thirty days before introduction of the proposed law into the legislature, or by posting the same at not less than three public places in the county or each of the counties, one of which places shall be at the court house in the county or counties where the matter or thing to be affected by such legislation shall be situated." Section 11.03 requires that the affidavit of proof of publication of notice shall show that a notice stating the *substance* of the proposed bill "has been published at least thirty days prior to this date, by being printed in the issues of (here state day, month and year of issue or issues) of the _____, a newspaper or newspapers published in _____ county or counties, Florida, (or)

there being no newspaper, being posted for at least thirty days prior to this date at three public places in the _____ county or counties, one of which places was at the court house of said county or counties, where the matter or thing to be affected by the contemplated law is situated." These sections were sections 1 and 2 of Chapter 13791, Acts of 1929. These provisions were enacted to throw safeguards around legislation by which the people of the locality to be affected would be given fair notice of the intention to get such legislation adopted, and of the substance thereof. Milner v. Hatton, 100 Fla. 210, 129 So. 593.

Whether or not the requirements of law have been met is a matter which the courts are authorized to inquire into and determine. See Harrison v. Wilson, 120 Fla. 771, 163 So. 233; Board of Public Instruction v. Brown, supra; Douglas v. Webber, supra.

The statute, Sec. 11.03, provides that proof of publication of notice must show that the notice was published in a newspaper. If a newspaper is published in the county, and may only show publication of notice by posting if there is no newspaper published in the county.

This construction is supported by the provisions of section 11.04 Fla. Statutes 1941 (same F.S.A.), which reads as follows:

"Notice declared to be sufficient.—Any notice heretofore published, now being published, or hereafter published, which conforms to the requirements of Sec. 11.02 shall be sufficient in manner, form and substance; provided, however, any notice by posting in the manner provided by this chapter, which has heretofore been posted in any county or counties having a newspaper is sufficient in manner, from the substance."

This must be construed to mean that the legislature intended to validate and give effect to notices which had theretofore been given by posting in counties where there was a newspaper, but to require all future notices to be published in a newspaper, if there was a newspaper in the county where the matter affected was located.

The record shows that there was a newspaper published at the time in Dixie County.

There appears to be very good reason for the difference between the requirements in regard to the contents of the title to a legislative act and the contents of a notice that particular local legislation will be applied for. The reason is this: When one reads the title to a legislative act he may immediately refer to the provisions of the act itself to determine whether or not the substance, or any part thereof, is objectionable; but, when he reads a notice of intention to apply for the adoption of a legislative act his information and advice is confined to the contents of the notice and if the substance of the proposed enactment is not stated in the notice he is without information as to how he will be affected by the substance of the act.

Therefore, in this case, we should hold that the notice was inadequate and that the publication of the notice and the proof of publication thereof did not meet the requirements of the statute and, therefore, reverses the judgment of the lower court.