DREW, Chief justice.
In the March 18, 1955," issue of “Home News”, a weekly newspaper published at Hialeah, Dade County, Florida, there appeared a notice in the following form:
“Public Notice
“Notice is hereby given of intention to apply to the 1955 Florida Legislature for passage of a bill enacting a Charter for the City of Hialeah, Florida.
“Wallace G. Ledford 3700 E. 8th Avenue Hialeah, Fla.”
“Mar. 18, 1955
*597 On April 20, 1955 there was introduced and passed in the Senate and on April 21, 1955, passed in the House of Representatives, Senate Bill 350, entitled:
“An Act to abolish the present municipality known as Hialeah and to recreate the municipality of the City of Hialeah, in Dade County, Florida; to fix the territorial limits, jurisdiction, and-powers of said City and the jurisdiction and powers of its officers; and provide for its government, privileges, and franchises.”
This act appears as Ch. 30807, Special Acts of 1955. It became a law without the Governor’s approval on April 30, 1955. The Journals of the Senate and House show with reference to the passage of the foregoing act that both the Senate and House determined that the notice and evidence thereof required by Section 21 of Article III of the Constitution, F.S.A., had been established.
On June 3, 1955, there was introduced and passed in the Senate and on the same date passed in the House, Senate Bill 1424, the same being entitled:
“An Act to abolish the present Municipality known as Hialeah and to recreate the Municipality of the City of Hialeah, in Dade-County, Florida; to fix the territorial limits, jurisdiction,- and powers of said City and the jurisdiction and powers of its officers; and provide for its government, privileges, and franchises.”
This act appears as.Ch, 30811, Special Acts of 1955. It became a law without the Governor’s approval on June 23, 1955. The Journals of the Senate--and House show that attached to this latter act was a proof of ‘ publication of the ¡ identical notice-published concerning and attached to Senate Bill 350 (now Ch. 30807, supra) heretofore referred to. There is also a recitation in the Journals determining that such notice .and evidence thereof. required by Section 21 of Article III of the Constitution had been established.
The latter act. contains numerous provisions not contained in the former act. The latter act contains no referendum whereas the former act contained a provision for a referendum which is vague and uncertain but the validity of which — for the reasons hereafter set forth — it is not necessary for us to discuss.
Following the enactment of the foregoing legislation and the adjournment of the 1955 session of the Legislature, an action was instituted in the Circuit Court of Dade County by George Pfaffendorf, the appel-lee here, against the City of Hialeah and its designated officials for a declaratory decree and other relief. The relief sought in these. proceedings was to have the two foregoing acts of the Legislature declared to be unconstitutional and invalid. The principal infirmity alleged to exist in the enactment of these laws was the failure of the above notice of intention to apply to the Legislature to set forth the substance of the acts contrary to the provisions of Section 21 of Article III of the Constitution and Section 11,02, F.S. 1955, F.S.A.In this appeal from the decree of the trial court holding both of said acts to be unconstitutional and invalid, the foregoing is the sole question presented.
In 1928 Section 21 of Article III of the Constitution was amended. The article as so amended provided that “no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law * * *.” (Emphasis ours.) This section of Article III remained in effect ten-years.
In 1937 the Legislature adopted Senate Joint Resolution 81 which proposed an amendment to the above Section 21 of Article- III of the Constitution. This resolution was. approved at the general election *598 in 1938, and the amendment proposed therein is the present Section 21 of Article III of the Florida Constitution. Pertinent to the disposition of this matter is the fact that the present Section 21 of Article III óf the Constitution does not provide that the substance of the notice shall be included therein by direct terms, whereas the provision of the Constitution which it amended contained such a provision. The present constitutional provision and the one which was in effect when the subject legislation was enacted contains the provision “ * * * nor shall any local or special law establishing or abolishing municipalities, or providing for their government, jurisdiction and powers, or altering or amending the same, be passed, unless notice of intention to apply therefor shall have been published in the manner provided by law where the matter or thing to be affected may be situated, which notice shall be published in the manner provided by law at least thirty days prior to introduction into the Legislature of any such bill.” This section of this article in its last paragraph provides that such notice shall not be required in those instances where a referendum is provided calling for a favorable vote of the people as a condition precedent to the operative or effective date thereof.
It is the statute, Section 11.02, supra, which contains the provision that the substance of a contemplated law is required to be stated. Reverting back, we observe that the power granted under Section 21 of Article III to the Legislature with reference to this notice is to provide for the manner in which the notice is to be published. It is, therefore, obvious that the Constitution as it now exists contains no mandatory requirement that the substance of the contemplated act be included in the notice. This requirement is one imposed by the Legislature — not pursuant to any direct requirement of the Constitution — but by virtue of its inherent power.
There are cases which hold that the failure of a notice of intention to pass special legislation to contain the substance of the act constitutes a constitutional infirmity therein. One of these cases appears in Opinion of the Justices, 246 Ala. 518, 21 So.2d 238. It is pertinent to observe, however, that it is the Constitution of the State of Alabama that requires the notice to state the substance and not a statutory enactment. For this reason the aforementioned case from Alabama is not decisive of the case before us nor can the rationale of that opinion be used in the determination of the question here.
We think the decision as to the constitutional validity of Senate Bill 350 (now appearing as Ch. 30807, supra) is directly controlled and determined by the decision of this Court in the case of Chavous v. Goodbred, 158 Fla. 826, 30 So.2d 370. The notice under attack in that case appears in the dissenting opinion of Mr. Justice Buford. The notice which we are concerned with here, while shorter than that appearing in the reported case of Chavous v. Goodbred, is not materially different in substance. Both deal with generalities but both clearly indicate that the passage of an act creating a charter for a municipal corporation will be applied for, and this implies that such charter will contain all of the provisions and conditions essential to and ordinarily included in a charter governing a municipality. In that case this Court held the notice to be sufficient. Under the authority of the foregoing case and the previous decisions of this Court cited therein, particularly State ex rel. Watson v. Crooks, 153 Fla. 694, 15 So.2d 675, and Hatfield v. Prince, 156 Fla. 411, 23 So.2d 481, we hold the notice under attack here was sufficient.
The conclusion which we reach as to the sufficiency of the notice, so far as it relates to Ch. 30807 is prompted not only by a consideration of a prior decision of this Court on the subject and the present constitutional provision relating thereto, but also by the fact that the Legislature which imposed the condition requiring the sub *599 stance to be stated has definitely determined by appropriate entries in its Journals that its requirements in this' respect and with respect to the mandatory provisions of Section 21 of Article III of the Constitution have been complied with. We are not inclined, nor do we feel justified to step beyond our judicial field in which we should and must confine ourselves to take issue with the legislative branch of government on this point. Were we to take unto ourselves the ultimate and final authority with respect to this matter, the uncertainties with reference to the constitutional validity of all special or local legislation would become so great that much public mischief would result. So far as possible, the validity of laws should not remain in doubt. We think when the Legislature has acted in this field and has determined this question as it has here with reference to said Ch. 30807, this Court has no authority to go behind its findings.
We now direct our attention to the subsequent Ch. 30811. This bill was introduced and passed in the Legislature more than a month after Ch. 30807 became a law. Among other things it repealed Ch. 30807 by the express provisions of its Art. XI, § 8. It is, therefore, obvious that while the Journals contain a recitation that notice was given of the intention to apply for passage of this act, no such notice was given. The constitutional power of the Legislature to act pursuant to the notice appearing in this opinion was completely . exhausted when it enacted Ch. 30807 and it became a law. Therefore, Ch. 30811 having been passed without any notice of intention to apply therefor having been published as required by the Constitution, and not containing a referendum, such act is a nullity.
The recitation in the House and Senate Journals with reference to the sufficiency of the publication concerning Ch. 30811 is ineffectual because it affirmatively appears from the disclosures of the Journals of the same Senate and House that the constitutional power to act under such notice had been exhausted by the enactment of Senate Bill 350, Ch. 30807, and it becoming a law. Otherwise the very purpose of the constitutional amendment requiring notice so that the affected people could be heard by the Legislature on what such legislation should contain, would clearly be thwarted. If we were to countenance such procedure, the affected public could be completely disarmed because they would assume — and rightly so — that upon the. passage of the suggested act and upon its becoming a law, the matter covered by the notice was concluded. If such an act is to be amended, re-enacted, superseded or repealed after it becomes a law, a new notice or an appropriate referendum is essential to the constitutional validity of such new act. This result is not a repudiation of the findings of the Legislature as to the efficacy of the notice attached..to the latter act because the Journals of that body clearly establish the impotency of such notice. It therefore amounts to no notice at all.
We further make the observation that in holding that Ch. 30807 is valid and constitutional so far as the provisions of Fla. Const. Art. Ill, § 21, F.S.A., and the provisions of statutes enacted pursuant thereto are concerned, we expressly do not pass upon the validity or constitutionality of any portion of the act or any other phase thereof.
The cause is hereby reversed and remanded with directions to the chancellor below to enter an amended decree in accordance with the views herein expressed.
TERRELL, THOMAS, HOBSON, O’CONNELL, and BUFORD, JJ., concur.
ROBERTS, J., dissents.