WM. W. CHARLES v. THE CITY OF MIAMI, *et al.*

169 So. 589.

Opinion Filed August 3, 1936.

*Franklin Parson,* for Appellant;

*J. W. Watson, Jr.,* for Appellees.

Davis, J.—Chapter 17176, Acts 1935, is a general law having special application at this time to the City of Miami. It confers authority on municipalities within its terms to construct public works projects, accept Federal grants of money in aid thereof, and otherwise to borrow money and issue bonds and municipal obligations to finance the construction of such public works projects as may be undertaken.

Acting pursuant to the authority of the statute above cited, the City of Miami proposes to construct a public works project in said city known as "Miami Field Stadium" to replace a stadium now owned and operated by it as a revenue producing project. To finance the project so undertaken the city attempted to issue $162,000.00 "Stadium Revenue Certificates" to be payable solely from revenues derived from the operation of the stadium to be constructed with the proceeds of their sale. The certificates are especially provided to be payable solely and only from the revenue and income derived from the operation of the stadium and do not constitute a charge, lien or encumbrance, legal or equitable, upon any property of the City of Miami "other than upon the aforesaid revenues and income."

The certificates are specifically made immune, by a contractual provision therein contained, from any efforts or attempts of holders thereof to compel any exercise of the taxing power of the city to pay the certificates or the interest thereon. It is likewise provided that the certificates, which are in similitude to ordinary bonds, cannot be enforced against any property of the obligor, City of Miami.

No approving vote of the qualified freeholder electors in favor of the issuance in accordance with amended Section 6 of Article IX of the Constitution has been had.

So the proposition required to be decided on this ap-

peal, insofar as Amended Section 6 of Article IX is concerned, is whether or not a municipality may lawfully fund and pledge the anticipated future rents, issues and profits of one of its real estate holdings, such as a municipal stadium operated as a revenue producing project of the city in the past, as security for a loan of money proposed to be procured by it on the strength of a pledge thereof to the lender.

We think that the holdings of this Court in the cases of Sholtz v. McCord, 112 Fla. 248, 150 Sou. Rep. 234; Herbert v. Thursby, 112 Fla. 826, 151 Sou. Rep. 385, and Brash v. State Tuberculosis Board, 124 Fla. 652, 169 Sou. Rep 218, render the issuance of such certificates of indebtedness as are contemplated to be issued by the City of Miami in this instance invalid unless the same are duly approved by a majority of the freeholders voting in an election in which a majority of them shall participate, as required by Amended Section 6 of Article IX of the State Constitution.

A lien upon rents, issues and profits derived from the real estate owned by a municipality, and its taxpayers, is within the purview of Amended Section 6 of Article IX of the Constitution when created to secure repayment of a loan of money. And under Amended Section 6 of Article IX of the Constitution, absent a vote of the freeholders authorizing it, such lien is as much objectionable to the intendments of the Constitution as a direct lien upon the property itself given for the same purpose. The latter, we have held in the cases above cited, cannot be validly created absent the required election and approving voice of the freeholders.

The contention that Chapter 17176, Acts 1935, is violative of Sections 20 and 21 of Article III of the State Constitution is without merit and was properly overruled

in the Circuit Court. State, *ex rel.* Buford, Atty. Gen., v. Daniel, 87 Fla. 270, 99 Sou. Rep. 804; Given v. County of Hillsborough, 46 Fla. 502, 35 Sou. Rep. 88, 110 Am. St. Rep. 104; Middleton v. City of St. Augustine, 42 Fla. 287, 29 Sou. Rep. 421, 89 Am. St. Rep. 227. The Act being applicable to cities and towns is not controlled by Section 21 of Article III, but by Section 8 of Article VIII of the Constitution.

Nor would the issuance of the certificates involved in this case, if approved by the freeholders as required by Amended Section 6 of Article IX of the Constitution, violate the debt limitation of the Miami City Charter. See Section 12 of Chapter 17176, *supra.* The Legislature, under Section 8 of Article VIII has power to make exceptions to the ordinary debt limitations causally found in city charters, by conferring the power to issue obligations under special circumstances deemed by the Legislature proper to constitute an exception to the general limitation.

We find the proceedings taken to have been in conformity with the power conferred by the statute under which the city has attempted to act, but in view of the limitations of Amended Section 6 of Article IX of the Constitution, we hold that the issuance of the proposed certificates involved in this case should be enjoined until the proposal to negotiate and sell same shall have been duly submitted to and approved at an election of freeholders duly called and held under Amended Section 6 of Article IX of the Constitution in one of the methods provided by law for calling and holding such elections.

Reversed for an appropriate decree not inconsistent with this opinion.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.