STATE v. CALHOUN COUNTY, *et al.*

169 So. 673.
Opinion Filed September 10, 1936.

*John H. Carter, Jr.,* State Attorney, for Appellant;
*John D. Trammell* and *Marion B. Knight,* for Appellees.

PER CURIAM.—This appeal is from a decree of the Circuit Court validating $563,000.00 (4%) of "Apalachicola

Bridge Revenue Bonds" proposed to be issued by the County of Calhoun, State of Florida, under Chapter 16344, Acts of 1933, without an approving vote of the freeholder electors of the County, that is required by Section 6, Article IX of the Constitution of Florida as amended in 1930. The proceeds from the sale of the Revenue Bonds are intended to be used "for the purpose of financing the cost of construction of" "a bridge across the Apalachicola River at a point opposite Blountstown, Florida, between the counties of Calhoun and Liberty and approaches to such bridge on both sides of said river."

The statute provides that Calhoun County is granted statutory authority (1) to construct a toll bridge across the Apalachicola River and also approaches to the bridge on both sides of the river; (2) to borrow money with which to construct the bridge or the approaches thereto; (3) "to issue in the name of Calhoun County and sell bridge bonds or revenue bonds, as evidence of indebtedness in a sufficient amount to obtain the money with which to construct the bridge and the approaches thereto;" (4) Any "bridge bonds or revenue bonds" issued and sold as authorized are "declared to be a first lien, and an exclusive lien, on and against said bridge and the approaches thereto to be constructed, and on and against the income derived, or to be derived, from the operation of such bridge and approaches; (5) The lien created by the issuance and sale of bridge bonds or revenue bonds as provided in the Act may be foreclosed for default in the payment of principal or interest due on the bonds.

The statutory grant to Calhoun County of Authority to construct the proposed bridge and its approaches and the authority to borrow money therefor (in a proper manner) may be within the power of the Legislature, such construc-

tion being by the statutory provisions in effect made a county purpose for Calhoun County, though a portion of the statutory utility is in Liberty County, the bridge being designed to be a part of a public highway, which extends from the river on both sides. But (1) the "issue of "bridge bonds" or "revenue bonds" in the name of the County and (2) the provision of the statute making such bonds a lien upon property acquired by the County in constructing the bridge and its approaches and providing for the foreclosure of such liens by subjecting the bridge and approaches to sale under foreclosure decree, would violate amended Section 6, Article IX of the State Constitution, unless the issue of the bonds is approved by a vote of the freeholder electors of the County. Whether the authority to construct the bridge and its approaches and to borrow money for that purpose may be legally sufficient to authorize the County to issue revenue certificates for the contemplated loan to be paid solely from the proceeds from bridge tolls and not otherwise should not be discussed on this record, since the statute and the resolutions of the County Commission provide for issuing bonds and the instruments themselves are bonds. The statute gives a lien on the bridge and approaches. This violates Amended Section 6, Article IX of the Constitution, unless the proposed bond issue is approved by the freeholder electors of the County. See Herbert v. Thursby, 112 Fla. 826, 151 So. 385; Town of River Junction, 121 Fla. 902, 164 So. 558; Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356; County of Leon v. State, 122 Fla. 505, 165 So. 666; Charles v. City of Miami, 125 Fla. 110, 169 So. 589. See also Brash v. Tuberculosis Board, 124 Fla. 117, 167 So. 827; Sholtz v. McCord, 112 Fla. 248, 150 So. 234.

The decree is reversed and the cause remanded subject

to further proceedings by the Court below if the proposed bond issue is duly shown to have been approved by the freeholder electors of Calhoun County as required by the Section of the Constitution above cited.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.