STATE, *ex rel.* F. C. GRAY, v. FRANK STOUTAMIRE, as Sheriff of Leon County.

179 So. 730.
Opinion Filed March 8, 1938.

700

*J. Lewis Hall,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

WHITFIELD, P. J.—The title and Sections 1 and 2 of Chapter 18731, Acts of 1937, approved May 35, 1937, are as follows:

"AN ACT to Prescribe a Closed Season for Taking Fresh Water Fish from Certain Parts of the Ocholockonee River situated and lying between the bridge on State Road No. 19 across said River and the dam of the Florida Power Corporation on said River and located in the counties of Liberty, Gadsden and Leon in the State of Florida; provided that the Commission of Game and Fresh Water Fish of the State of Florida may remove or cause to be removed any Gar Fish, Mud Fish, or other predatory fish when in its judgment their removal is desirable.

"Section 2. Any person or persons, firm or corporation violating the provisions of this Act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $500 or by imprisonment in the county jail for not more than 6 months or by both such fine and imprisonment."

Section 2 violates Section 20, Article III of the Constitution, but if Section 1 of Chapter 18731 is constitutional, a penalty for its violation is prescribed by Section 7104 (5005) C. G. L. Douglas v. Smith, 66 Fla. 460, 63 So. 844; Snowden v. Brown, 60 Fla. 212, 52 So. 548.

"Fish are classified in the law, largely perhaps because of their migratory characteristics and want of a fixed habitat, as animals *ferae naturae.* Their ownership, while they are in a state of freedom, is in the state, not as a proprietor,

but in its sovereign capacity as the representative and for the benefit of all its people in common; in other words, the right of property in fish, so far as any can be asserted before they are taken and reduced to possession, is common to all the people and cannot be claimed by any particular individuals. Upon this fact of public ownership rests to a large extent the governmental power of regulation of fishing." 11 R. C. L. 1015. See *Ex Parte* Powell, 70 Fla. 363, 70 So. 392.

On writ of habeas corpus issued by Honorable E. C. Love, Judge of the Second Judicial Circuit, the return of the Honorable Frank Stoutamire, Sheriff of Leon County, was that he holds the petitioner by reason of a warrant issued by a Justice of the Peace of the Fourth District of Leon County, Florida, charging that on November 30, 1937, in the county and district aforesaid, "one F. C. Gray, did then and there fish in that part of the Ochlockonee River situate, lying and being between the bridge on State Road No. 19 across said river and the dam of the Florida Power Corporation on said River."

The Judge rendered the following final order:

"This cause coming on to be heard on Writ of Habeas Corpus heretofore issued, to-wit, on the 20th day of December, A. D. 1937, returnable before the undersigned, as Circuit Judge, and said cause being submitted to the Court on the return filed by Respondents and the arguments of Counsel, and it appearing to the Court that F. C. Gray was arrested on the 30th day of November, A. D. 1937, under and by virtue of a warrant issued by the Honorable Avery Hartsfield, Justice of the Peace of the Fourth District of Leon County, and it further appearing to the Court that F. C. Gray filed Petition for Habeas Corpus on the 20th day of December, A. D. 1937, and that on the same day writ of Habeas Corpus issued from the above entitled Court,

and on the same day was duly served upon the Respondent herein and on the same day the Respondent filed his return to the Writ of Habeas Corpus and it appearing to the Court that the only question of Law involved in said proceedings is the constitutionality of Chapter 18731 of the Acts of the Legislature of the State of Florida, 1937, and the Court having considered the same, and there being in the mind of the Court a reasonable doubt as to the constitutionality of said Act, and it further appearing that said reasonable doubt should be resolved in favor of the constitutionality of said Act and against Petitioner; and the Court being of the opinion that said Act is a general Act because affecting the interest of, and equally binding upon, all the people of the State of Florida, whether residing in the particular locality or not, and being local only so far as the place where the provisions of said Act may be violated:

"IT IS ORDERED AND ADJUDGED That Petitioner be and he is hereby remanded to the custody of Respondent."

Upon writ of error to this court allowed by the Circuit Judge, the plaintiff in error presents the following question:

"Is a statute valid which regulated fishing in a portion of a specified river, which portion is only one-half mile in length, when notice of intention to apply for the passage of said Act was not given in accordance with Article 3, Section 21 of the Constitution of the State of Florida?"

The Constitution of Florida does not forbid the enactment of special or local laws regulating fishing in the public waters of the State, but it does contain the following:

"No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the con-

templated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill, and in the manner to be provided by law." Sec. 21, Art. III, as amended in 1928.

There is no definition of general or local or special bills or laws in the Constitution; but it has been stated that "a statute relating to subjects or to persons or things as a class based upon proper distinctions and differences that inhere in or are peculiar or appropriate to the class, is a general law; while a statute relating to particular subdivisions or portions of the State or to particular places of classified localities, is a local law; and a statute relating to particular persons or things or other particular subjects of a class, is a special law." State, ex rel., v. Daniel, 87 Fla. 270, t. 287, 99 So. 804.

The statute here considered does not regulate fishing in the entire State; nor does it operate within a classified portion of the State; but it forbids any fishing in a particular portion of a river between a designated highway bridge and the dam of a particular power corporation. It is therefore local as to the area in which it operates, and it is conceded that notice of enactment was not published as is expressly required for "special or local laws" by the Constitution and by the statute which the Constitution required to be enacted as to such published notice. The statute has no referendum provision. Sec. 21, Art. III.

But it is argued for the State that publication of notice was not required because the statute is not a local law within the provision of the Constitution requiring notice to be given of its proposed enactment for the reason that the fish in such river belong to the people of the State; and that "the mere fact that a law is local as to its point of violation, does not make it a local law so long as it operates on the people of the State as a whole." 25 R. C. L. 818; 59

C. J. 728-731 are cited. See also State v. Corson, 67 N. J. Law Rpts. 178, 50 Atl. 780; State v. Hand, 96 Fla. 799, 119 So. 376.

Such a rule might be applicable here if the fish were the absolute property of the State, as are the properties of State institutions, State buildings, State lands, State funds and other property owned by the State in its proprietary capacity. See State v. Clements, 220 Ala. 515, 126 So. 162.

The authorities cited in support of the State's contention are not in entire harmony with previous decisions of the courts of this State as to the enactment of local laws regulating fishing in the public waters of the State. See Lipscomb, as Sheriff, v. Gialourakis, 101 Fla. 1130, 133 So. 104; Harper v. Galloway, 58 Fla. 255, 51 So. 226, L. R. A. (NS) 794; 19 Am. Cas. 235; see Ann. Cas. 1917D 810; State v. Phillips, 70 Fla. 340, 70 So. 367; Lacoste v. Dept. Conservation, 263 U. S. 545, 44 Sup. Ct. 186, 68 Law. Ed. 437; Snowden v. Brown, 60 Fla. 212, 53 So. 548.

The contention made here for the State is a novel one in this jurisdiction and has support in well considered decisions in several States, therefore the able and learned Circuit Judge was justified in giving the statute the benefit of a doubt as to its constitutionality until its validity under the present Constitution has been fully considered and finally determined.

The terms "special or local laws" as used in the Constitution refer ordinarily to law relating to entities, interests, rights, and functions other than those of the State, since the organic law does not contemplate or require previous publication of notice of proposed laws for the exercise of State powers and functions though they may be more or less local or special in their operation or objects. , For example, the establishment of counties and of courts authorized by the Constitution, fixing the terms of courts of the State,

the creation of offices, the disposition of State funds and property, and many other attributes of sovereignty. See State, *ex rel.* O'Quinn, 114 Fla. 222, 154 So. 166; State, *ex rel.,* v. O'Neal, 100 Fla. 1277, 131 Sou. 165.

There is a real distinction and difference between the right of the State in its lands and personal property and its right in fish in the public waters of the State. In its proprietary property it has absolute rights. In fish in the public waters the State has a sovereign right primarily and essentially of preservation, conservation and regulation for the people of the State, whose right is to take fish from the public waters subject to the regulations imposed by the State for the benefit of the people of the State. People of the State may take fish from the public waters unless forbidden by law. They may not legally take proprietary property of the State unless authorized to do so by due course of law.

The Constitution of Florida refers to "general laws" and to "special or local laws." No definitions of such laws are given in the Constitution. "Special or local laws" are forbidden to be passed in certain enumerated cases In such enumerated cases "all laws shall be general and of uniform operation throughout the State." Secs. 20 and 21, Art. III. Laws based upon proper classifications may be general laws even though they are applicable in only a part of the State, or to a part of the people of the State, or to a part of the property in the State. General or special or local laws covering subjects may be enacted within the choice of the Legislature, except when otherwise provided by the Constitution as in Sections 20, 21, 22, 24 and 25, Article III; Section 4, Article VIII.

No special or local law shall be passed unless notice of the intention to apply therefore shall have been published as required by the Constitution or unless there be a ref-

erendum in the law. Sec. 21, Art. III, as amended in 1928. This last provision is positive and must be complied with in all cases unless an exception is justified by the intendments of the Constitution or by the nature of the relation of the law to the State in such a way as not to be contemplated by the Constituton as being within the quoted organic provision. It does not apply to laws as to municipalities under Section 8, Article VIII. or as to State agencies or properties, because of the control of the State therein and the futility of requiring notice.

In cases where "special or local laws" are forbidden or where notices of proposed laws which may be special or local laws have not been duly published such laws are legally inoperative, unless they may be duly adjudged to be general laws, because they are based on a proper classification or because they relate to State agencies, functions or properties, or for other reasons under the Constitution.

Laws based upon classifications, or laws relating to subjects that exist only in a portion of the State or that relate to the only subject or subjects of the kind in the State, or that relate to a State agency, function or State property, may not be a special or local law of which notice must have been previously duly published under Sections 20 and 21, Article III, unless it may be otherwise provided in the Constitution.

Prior decisions in this State indicate that appropriate notice of laws regulating fish and game in particularly designated portions of the State must have been duly published as special or local laws, the public having rights in taking such fish and game subject to the power and duty of the State to conserve and regulate for the benefit of the public by virtue of the sovereignty of the State, the fish and game not being the absolute property of the State, as are the

State lands, buildings, funds and other proprietary and property rights, but a holding in trust for the public.

In Texas the Constitution excepts local or special laws relating to fish and game from restrictions imposed upon special or local laws. Tuttle v. Wood, 35 S. W. (2nd) 1061.

Iu Bernham v. Webster, 5 Mass. 265, the statute was "an Act for the preservation of the fish called bass, in Dunston River, in Scarborough, in the county of Cumberland." It was held to be a "public statute." See also Pierce v. Kimball, 9 Greenleaf (Maine) 54, 23 Am. Dec. 537.

In Doughty v. Conover, 42 N. J. Law Rpts. 193, the statute was a general law with provisions that operated locally, which did not render such provisions in the law invalid. See State v. Hand, 96 Fla. 799, 119 So. 376.

Chapter 18931, Acts of 1937, is local as to the place of its enforcement and general as it affects the right of all the people of the State to fish in the river at the point designated in the Act, unless forbidden by statute, and the Constitution does not in terms require notice to be published of proposed laws that are both general and also local or special in their provisions; yet as the previous decisions of this court have regarded laws regulating the taking of fish in particular parts of the State as being local and special laws and subject to the provisions of Sections 20 and 21 Article III of the Constitution, that rule of interpretation or construction should not now be changed, at least in the absence of changed or developed conditions that would make the rule harmful to the welfare of the State.

Reversed.

ELLIS, C. J., and BROWN, BUFORD, and CHAPMAN, J. J., concur.

TERRELL, J., not participating.