**ROSE O. CHAVOUS v. ERMA GOODBREAD, as Clerk Collector in and for the Town of Cross City, in Dixie County, Florida, a municipal corporation.**

23 So. (2nd) 761                           June Term, 1945
November 30, 1945                          Division A
Rehearing denied December 11, 1945

W. P. *Chavous,* for appellant.

J. L. *Blackwell,* for appellee.

ADAMS, J.:

Appellant filed a bill in equity challenging the validity of Chapter 22241, Special Acts of 1943. The lower court dismissed the bill on motion and appellant appeals.

Chapter 22241 was a special act which abolished and re-created, with certain changes, the Town of Cross City. It is urged that the act was void, among other reasons, because notice was not published as required by Article III, Section 21, Florida Constitution. Appellee, in effect, says that because of Article VIII, Section 8, Florida Constitution, Article III, Section 21 had no application. This is erroneous for in State ex rel. v. Couch, et al., 139 Fla. 353, 190 So. 723, we recognized the application of Section 21 to a municipal corporation. See also State v. City of Miami, 153 Fla. 653, 15 So. (2nd) 481.

The propriety of attack by bill in equity is questioned and our attention has been called to Morin v. City of Stuart, C.C.A., 111 Fed. (2nd) 773, 129 A.L.R. 250.

Precedent in this court exists to authorize equity to entertain jurisdiction where the validity of the charter is brought into question by a party who has a justiciable cause. See City of Sarasota v. Skillen, et al., 130 Fla. 724, 178 So. 837; City of Winter Haven, et al., v. Klemm & Son, 132 Fla. 334, 181 So. 153; Klemm & Son v. City of Winter Haven, et al., 141 Fla. 60, 192 So. 652.

The decree is reversed for further and appropriate proceedings.

Reversed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.