Suit by A.R. Addison against Ernest Bass and others for a judicial determination as to legality of proceedings for incorporation of the Town of Westgate as a municipal corporation and to enjoin defendants from performing any acts as officers of alleged municipal corporation. To review a temporary restraining order, defendants bring certiorari.
Petition for certiorari denied and cause remanded for further appropriate proceedings not inconsistent with opinion.
The petitioners are before this court for a writ of certiorari to quash a temporary restraining order entered in favor of the plaintiff below.
One Addison, a resident and taxpayer in the territory involved, instituted a suit in the Circuit Court of Dade County to challenge the validity of certain incorporation proceedings taken by a group of inhabitants *Page 467 
of Dade County by which they attempted to create a municipal corporation under the provisions of chapter 165, Florida Statutes 1941, F.S.A.
The allegations of the sworn bill of complaint were to the effect that in the incorporation proceedings under which an attempt had been made to incorporate the Town of Westgate as a municipal corporation certain fundamental and jurisdictional requirements of chapter 165 had not been substantially followed, with the result that the municipal corporation had never come into legal existence.
The bill also averred that despite the illegality of the incorporation proceedings the defendants were attempting to perform functions as officers of the pretended Town of Westgate and were illegally passing ordinances and incurring expenses without any authority to do so and that they will attempt to impose taxes upon the plaintiff to pay for such expenditures; that the plaintiff had requested the Attorney General of Florida to grant him authority to use his name in a quo warranto proceeding to test the legality of the incorporation of the municipality but that such authority had been refused and hence that the plaintiff was without a remedy at law. The prayer of the bill was that the court judicially determine the legality of the incorporation proceedings and if it should determine that the Town of Westgate had not been lawfully created then that it enjoin the defendants from doing or performing any acts as officers of the alleged municipal corporation.
Based upon the allegations of the sworn bill and testimony taken in support thereof, the chancellor entered an order temporarily enjoining the defendants "from doing or performing any act or acts by virtue of the offices which they allegedly hold as officers of the alleged municipality of Westgate." The defendants thereupon came to this court for a writ of certiorari to review the order.
The petitioners maintain that a proceeding in the nature of quo warranto brought by or in the name of the Attorney General of Florida is the sole and exclusive method by which the legal existence of a municipal corporation may be challenged and hence that the equity court erred in assuming jurisdiction of the suit brought by a private litigant and in entering the injunction order.
The point raised must be decided against the contention of the petitioners. In Farrington et al. v. Flood et al., Fla., 40 So.2d 462, it was held that where an alleged municipality has never acquired de jure or de facto existence, a person injuriously affected by the attempted imposition of municipal burdens upon his person and property may challenge the validity of the incorporation proceedings by a bill in equity brought for that purpose; provided the injured person moves seasonably so that no element of laches, acquiescence or estoppel intervenes.
The evidence upon which the chancellor entered the temporary restraining order is not in the transcript of record in this proceeding. We must presume, therefore, due to the lack of any showing to the contrary, that the evidence presented to the chancellor was sufficient to authorize the entry of the temporary restraining order.
The petition for certiorari is denied and the cause remanded for further appropriate proceedings not inconsistent with this opinion and judgment.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur. *Page 468