47 So.2d 538 (1950)
MARTINEAU et al.
v.
CITY OF DAYTONA BEACH.
Supreme Court of Florida, en Banc.
July 25, 1950.
Horn & Ossinsky, Daytona Beach, for appellants.
Alfred A. Green, Daytona Beach, for appellee.
THOMAS, Justice.
The appellants, husband and wife, sued the appellee, city, for damages charged to have been suffered by the wife from the negligent operation of a motor bus by the appellee. Judgment was entered for the latter because the action was not brought within twelve months from the time of the injury, as required by Section 95.24(1), Florida Statutes, 1941, and F.S.A. The appellants now argue that the ruling of the circuit court should be reversed because the statute is so unreasonable and arbitrary in its provision for a shorter period to institute actions against municipalities than against private persons and other corporations as to be unconstitutional.
Even though the city was acting in a proprietary capacity in the operation of the vehicle said to have caused the injury, there was no such discrimination against persons and other corporations similarly engaged as to render the limitation a violation of organic law. We agree with the decision of the United States Court of Appeals, *539 Fifth Circuit, in Wilson & Company v. City of Jacksonville, 170 F.2d 876, that this matter may be determined on the authority of Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486, where it was held that the legislature might impose restrictions on actions against municipal corporations not common to actions against private corporations and individuals engaged in like enterprises. In the latter case the condition involved was a notice of claim as a prerequisite to suit, but the principle is the same. As Judge Waller observed in one case and Mr. Justice Brown in the other, there are many differences between a municipality, existent under Section 8 of Article VIII of the Constitution, F.S.A., and other corporations or persons that give just reason for distinctions, such as we have here, which do not amount to unconstitutional discriminations.
From their very nature municipal corporations need not be placed in the same category as private corporations or persons. They are created for the benefit of the community as a whole, not for the financial gain of the individual citizens. Any profit from proprietary or corporate operations does not find its way into the pockets of these individual citizens but into the public treasury. By the same token, any judgment against the city is paid from that source, and if the treasury is deficient, taxes must be levied to replenish it. A legal controversy between an individual and a private corporation affects only the litigants; a controversy between an individual or private corporation and a municipality affects all taxpayers within the municipality.
We find no merit in appellants' argument that the situation would be materially affected by the fact that the passenger was accepted in the City of Daytona Beach for transportation beyond the city limits, and was injured when discharged. When the fundamental reasons for a shorter period to bring actions against cities are considered, the circumstance that the claimant alighted from the vehicle within or without the city seems utterly beside the point. The argument might have been appropriate before a legislative body, but is irrelevant here.
We apply the law announced in Crumbley v. City of Jacksonville, supra, relative to notices of claim, to this controversy involving the statute of limitations peculiar to municipalities, as the circuit court of appeals applied it in Wilson & Company v. City of Jacksonville, supra.
Affirmed.
ADAMS, C.J., and TERRELL, CHAPMAN, SEBRING, HOBSON and ROBERTS, JJ., concur.