THORNAL, Justice.
Appellants, who were respondents below in a quo warranto proceeding, seek reversal of a final judgment of ouster entered by the trial judge.
*258 The point to be determined is whether the appellants met the procedural requirements of Section 165.04, Florida Statutes, F.S.A., in organizing the town of Daytona Beach Shores.
Pursuant to- notice previously given certain freeholders and registered voters held a meeting to organize the town of Daytona Beach Shores. It is admitted that there were at least 188 qualified freeholders living in the area proposed to be incorporated. The organization meeting was attended by 127 freeholders who were registered voters. Of those attending, 123 freeholders and registered voters participated in the selection of a corporate name and seal and in the designation of the territorial limits. By simple mathematics it will be noted that two-thirds of 188 would amount to 125 and I/3.
The appellees, as relators in the quo warranto proceeding, assaulted the validity of the vote taken in the organization meeting. The trial judge concluded that the procedures followed at the meeting did not meet the requirements of Section 165.-04, Florida Statutes, F.S.A., and entered a judgment of ouster. Reversal of this judgment is now sought.
Appellants contend that Section 165.04, Florida Statutes, F.S.A., merely requires that two-thirds of the freeholders who are registered voters are necessary to constitute a quorum for the meeting but it is not necessary that two-thirds actually participate in the voting.
The appellees on the other hand contend that under the cited statute it is necessary that two-thirds of the freeholders and registered voters living in the area must actually participate in the selection of the name, seal and territorial limits.
Section 165.03, Florida Statutes, F.S.A., provides for the publication of a notice to freeholders who are registered voters living within the proposed corporate limits. The notice shall announce the time and place of the meeting to select officers and organize a municipal government.
That portion of Section 165.04, Florida Statutes, F.S.A., pertinent to our decision, reads as follows: *
“At the time and place designated in the notice aforesaid, the male and female inhabitants who are freeholders and registered voters present, being not less than two-thirds of those whom it is proposed to incorporate, and not less than twenty-five in number, shall select a corporate name and seal for the municipality which they propose to form, and designate by definite metes and bounds the territorial limits thereof. They shall then proceed to choose by a vote of a majority of the said male and female inhabitants who are freeholders and registered voters a mayor and not more than nine and not less than five aldermen, who shall be known as the city council, and in whom it shall vest the government of the city.” (Emphasis added.)
Upon a casual examination of the cited statute, the confusion and misunderstanding which has resulted in this instance is perfectly understandable. We are here called upon to undertake a determination of the intent of the Legislature but are frank to admit that we have not been able to locate an applicable rule of statutory interpretation to guide us to our conclusion. The statute has heretofore been held constitutional. Heyward v. Hall, 144 Fla. 344, 198 So. 114.
We have held also that the preliminary steps required for the organization of a municipal corporation under this statute are mandatory. They are essential to the ultimate validity of the existence of the proposed municipality. Farrington v. Flood, Fla.1949, 40 So.2d 462. In the case last cited it was held that where two-thirds of the freeholders and registered voters residing within the proposed territorial limits failed to attend the public *259 meeting held to organize the municipality, the meeting itself would constitute no basis for the organization of a valid municipal corporation.
In the instant case two-thirds of the freeholders and registered voters attended the meeting but less than two-thirds participated in the selection of a name, seal and territorial limits. The establishment of a municipal corporation is the exercise of a power emanating from the sovereignty of the state itself. When this power is exercised it results in organizing a unit of government endowed with such aspects of sovereignty as the police power, the right of eminent domain and the power to tax. We are therefore of the view that the Legislature evidently intended that this important power be exercised by the expression of no less than two-thirds of the people who would be ultimately affected by the move. The very nature of the power involved suggests the propriety of the requirement that more than the customary majority concur in its exercise.
A careful analysis of the statute suggests that in selecting the name, seal and the territorial limits, the concurrence of two-thirds of the affected people is required. These three aspects of municipal government are relatively permanent. By contrast, in the very next sentence it is noted that the city officials are chosen by a majority vote of the affected people. It appears to have been the legislative intent that at least two-thirds of the affected freeholders and registered voters not only be present at the meeting but actually concur in the selection of the name, seal and territorial limits. This means that two-thirds must agree on these three items. Even a majority of the two-thirds would not be sufficient.
The appellants rely heavily on the decision of this Court in Hall v. State ex rel. Ervin, Fla.1950, 46 So.2d 878. The reported opinion did not delineate the alleged defects in the organization asserted in that case. Appellants, however, have exercised the diligence of examining the original record and have brought to our attention that the pleadings in the case reveal that while two-thirds of the affected freeholders participated in the organization meeting, the records of the proceeding show that less than two-thirds actually voted on the three critical propositions required by the statute. We too have examined the original record in Hall v. State ex rel. Ervin, supra. We find the factual situation there to be as appellants represent. However, we are bound to point out that nowhere in the record of the Hall case did any of the parties tender the specific question raised by the instant appeal. The contention that was submitted to the Court in the Hall case was that the record failed to show that two-thirds of the qualified freeholders met collectively and at one single moment took a vote on the preliminary question of whether to incorporate or not to incorporate. Apparently in that case the meeting was held pursuant to notice and, between certain hours on the date and place announced, the qualified freeholders attended the meeting, participated and actually voted by ballot.
As heretofore pointed out, the critical problem raised by the instant appeal was not presented to the Court in Hall v. State ex rel. Ervin, supra, and therefore cannot now be considered as having been determined by that decision.
We therefore hold that the trial judge in the instant case ruled correctly in entering the judgment of otister. For the guidance of those interested in organizing municipal corporations under the cited statute in the future, it is the holding of this opinion that on the matters of the selection of a name and seal and the designation of the territorial limits, two-thirds of the freeholders who are registered voters must actually agree. This means not only participation in the meeting but that the three critical items must be approved by two-thirds of the affected free *260 holders and registered voters. A constructive contribution to municipal government would be a legislative re-examination of Chapter 165, Florida Statutes, F.S.A., in the interest of clarifying its many confusing provisions.
The judgment appealed from is affirmed.
TERRELL, C. J., HOBSON, J., and LUCKIE, Associate Justice, concur.