THOMAS, Justice.
In his complaint against the appellees, City of St. Petersburg and Morrison Food Services, Inc., Bob L. Luke, appellant, claimed that he was injured when he fell on a ramp they jointly controlled and stated that he had not served on the city notice of the occurrence in accordance with Chapter 18896, Laws of Florida, Special Acts of 1937, which provides that “no suit shall be instituted or maintained against the City of St. Petersburg * * * for damages arising out of any personal injury unless written notice of such claim or injury is within [60] days from the date of receiving alleged injury, given to the City Man- *2 ag.er * * * with specifications as to the time and place of said alleged injury.”
The act was passed in 1937. At that time Sec. 21, Art. Ill, Const., F.S.A., permitted the passage of local or special laws dealing with subjects not specified in the preceding section, none of which related to municipalities, but the enactment of such laws was prohibited unless notice of their introduction had been published or they contained provisions for referendums.
The language now present in Sec. 21, Art. Ill, expressly imposing on legislation pertaining to cities and towns the restrictions before that applying generally to special or local acts was incorporated by the amendment adopted in 1938.
The sole question is whether Chapter 18896, supra, was, at the time of its passage, a contravention of the constitution because local or special legislation for the introduction of which the prerequisites had not been followed, or whether it was validly enacted under Sec. 8, Art. VIII, by which the legislature had the “power to establish, and to abolish, municipalities to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time.” (Italics supplied.)
It is appellant’s contention that the phraseology just quoted will not admit of a construction that an act like Chapter 18896, supra, could be passed in the absence of the conditions applicable to other types of special or local legislation.
We must reject this argument.
This court as early as 1887 and as late as 1936 held that the provisions of Sec. 21, Art. Ill, of the Constitution, as it existed prior to the amendment in 1938, did not govern special or local acts relating to cities and towns. State ex rel. McQuaid v. County Commissioners of Duval County, 23 Fla. 483, 3 So. 193; Middleton v. City of St. Augustine, 42 Fla. 287, 29 So. 421; Charles v. City of Miami, 125 Fla. 110, 169 So. 589. In 1938 the court expressed the same opinion in State ex rel. Gray v. Stoutamire, 131 Fla. 698, 179 So. 730, although it does not appear that the point was directly involved.
It is our view that the law dealt with a subject which was comprehended in the term “government” and that therefore at the time it was enacted, Sec. 8, Art. VIII, applied and not Sec. 21, Art. III.
We have frequently discussed the purpose and effect of such statutes and their relationship to the welfare of cities and the protection of municipal treasuries. For illustration, in Martineau v. City of Daytona Beach, Fla., 47 So.2d 538, we commented on the difference between private and municipal corporations and observed, in effect, that judgments against the latter would affect all taxpayers. The distinction was again recognized in Town of Miami Springs v. Lasseter, Fla., 60 So. 2d 774.
It is obvious to us that such an act, designed to protect the city, or at least assure to it an opportunity to prepare defenses against threatened actions and consequent inroads upon the public treasury, or resultant levy upon all taxable property in the municipality, deals with an element of “government”.
In Miami Laundry Co. v. Florida Dry Cleaning and Laundry Board, 134 Fla. 1, 183 So. 759, 764, 119 A.L.R. 956, “government” was said to be “nothing more than an instrument to preserve an ordered society.” To sustain such a society and maintain the varied functions of a municipality created to secure to its inhabitants the privileges and benefits of an organized community, finances are indispensible and, of course, these are derived from the people by taxes, assessments and the like. Inasmuch as a judgment entered against a city in a personal injury case must eventually affect the financial status of the city, and since the act in question was designed to form a bulwark against assaults that the *3 city might, without the notice, be unprepared effectively to meet because of the passage of time and consequent lack of opportunity to interview witnesses and preserve evidence, the law, in our opinion, was one dealing with an integrant of "government”.
We conclude that the circuit judge ruled correctly when he entered judgment in favor of the city for failure of the appellant to file a notice in compliance with Chapter 18896, supra.
Affirmed.
TERRELL, C. J., and HOBSON, DREW and THORNAL, JJ., concur.
ROBERTS and O’CONNELL, JJ., dissent.